UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.

ANNIE DOUGHTY,

                              Plaintiff,                      **COMPLAINT**

    -against-

FMA ALLIANCE, LTD.,

                              Defendant.
-----------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

    1.     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction against defendant's deceptive acts and practices.

## PARTIES

    2.     Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the instrumentality of the mail to collect consumer debts owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign limited partnership incorporated in Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That by letter dated January 8, 2010, the then debt collector for Chase Bank, MRS Associates, Inc., sent a debt collection letter to plaintiff on behalf of Chase.

7. That said debt collection letter sought to collect a consumer debt allegedly owed by plaintiff to Chase.

8. That, upon plaintiff's receipt of the said letter from MRS, plaintiff conferred with her attorneys at Fagenson & Puglisi. Thereafter, Concetta Puglisi, Esq., of Fagenson & Puglisi sent a letter dated January 26, 2010 to MRS, informing MRS that plaintiff was disputing the consumer debt alleged to be owed by plaintiff and that Fagenson & Puglisi represents plaintiff. Plaintiff's attorneys also requested in the said letter that plaintiff not be contacted directly concerning the debt.

9. That, subsequently, defendant commenced collecting the same debt on behalf of Chase Bank.

10. That defendant sent several collection letters directly to plaintiff at her home in an attempt to collect the debt. Three of said letters are dated August 6, 2010, September 1, 2010 and November 6, 2010.

11. That, on information and belief, MRS Associates, Inc. did inform Chase that plaintiff was represented by an attorney in the matter of the collection of the debt.

12. That, on information and belief, Chase did in turn inform defendant that plaintiff is represented by an attorney in the matter of the collection of the debt at the time Chase turned the account over to defendant for collection.

13. That defendant's said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that she is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

AS AND FOR A SECOND CAUSE OF ACTION

14. That plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated herein.

15. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

16. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumer is represented by an attorney.

17. That plaintiff suffered anxiety, distress, embarrassment and annoyance upon receipt of the many collection letters from defendant despite her attorney's letter that she should not be contacted directly.

18. That defendant improperly contacted plaintiff with full knowledge that she is represented by counsel and in so doing violated NYGBL §349.

19. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e)     for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       June 17, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com